IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUN 15 P 2:52

| | |
|---|---|
| Mark Jordan, ) | |
| ) | |
| Plaintiff, ) | |
| ) CIVIL ACTION NO. 2:06cv534.CSC | |
| ) | |
| ) | |
| CITY OF MONTGOMERY, and ) | |
| Defendants "A," "B,"and "C," whether ) JURY DEMAND | |
| singular or plural, those other persons, ) | |
| corporations, firms or other entities ) | |
| whose true and correct names are ) | |
| unknown to Plaintiff at this time, but will ) | |
| be substituted by amendment when ) | |
| ascertained, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Mark Jordan, Plaintiff, and for his complaint against Defendant and its agents and representatives (Defendant) hereby complains as set forth herein below.

### JURISDICTION AND VENUE

1.  This federal action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII"). Jurisdiction is invoked under 28 U.S.C. Sec. 1331 and Sec. 1343(a)(3), as it arises under federal law. Venue is appropriate and proper in this Court under 28 U.S.C. Sec. 1391(b), as the events giving rise to the claims occurred in this district and the Defendant resides in this district.

1

## PARTIES

2. The Plaintiff, Mark Jordan, hereinafter referred to as "Plaintiff" is a thirty-one (31) year old African-American male resident of the United States and the State of Alabama, residing in Montgomery County, Alabama. Plaintiff is a resident of this judicial district, and was employed by Defendant at all times material hereto. Plaintiff was also an employee of Defendant within the meaning of Title VII.

3. The Defendant, the City of Montgomery, hereinafter referred to as "City" is a municipality in the State of Alabama and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

## FACTUAL BACKGROUND

4. This lawsuit is brought by Mark Jordan, (Plaintiff), seeking permanent relief from the unlawful retaliatory practices of the Defendant, City. Plaintiff has been adversely affected by the discriminatory administration of Globe policy, in particular, the retaliation Plaintiff was subjected to as a result of participating in statutorily protected activity. The retalitoritory practices of the Defendant ultimately led to Plaintiff being terminated.

5. Plaintiff was a full time employee of the City at all times material hereto.

6. On or about September 21, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) for racial discrimination against the City. On or about November 11, 2004, Plaintiff filed a second charge of discrimination with the EEOC based on racial discrimination

and retaliation against the City. Plaintiff was ultimately terinated from his job as a result of Plaintiff's participation in these statutorily protected activities.

7. Before Plaintiff was terminated, he had clearly participated in statutorily proteced activity. The Defendant was aware of both charges that Plaintiff filed agaist the City. As a result of Plaintiff's participation in this statutorily protected activity Plaintiff was terminated. Plaintiff's participation in the statutorily protected actiity and his termination are clearly connected.

8. Because Plaintiff can find no justifiable reason for the disparate treatment he received, Plaintiff is only left to believe that his termination was based on retailiation.

## COUNT ONE

## RETALIATION - TITLE VII

9. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through eight above, the same as if more fully set forth herein, and further alleges, anew.

10. In taking the above-described actions, Defendant intentionally retaliated against Plaintiff in violation of Title VII.

11. As a proximate consequence of the violations of Title VII based on retaliation, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a) Assume jurisdiction over this action;

(b) A judgment declaring that Defendant, City of Montgomery violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq. based on retaliation;

(c) A judgment against Defendant, the City of Montgomery, for all lost income and fringe benefits from the date of the wrongful termination of Plaintiff, with interest;

(d) A judgment against Defendant, the City of Montgomery, for attorney's fees;

(e) A judgment against Defendant, the City of Montgomery, for costs;

(f) A judgment against Defendant, the City of Montgomery, for prejudgment interest; and

(g) A judgment against Defendant, the City of Montgomery, for such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal

or equitable relief as the Court may deem appropriate to effectuate the purposes of Title VII, or which he may be entitled.

Respectfully submitted,

_____
Juraldine Battle-Hodge (ASB: 3072-G-61J)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**