IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MARK JORDAN,** | * |
| **Plaintiff,** | * |
| vs. | *   CASE NO.  2:06cv534-MEF |
| **CITY OF MONTGOMERY, et al.** | * |
| **Defendants,** | * |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56, FRCP, Defendant, City of Montgomery ("City"), moves the Court for summary judgment dismissing all claims on the grounds that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law. In support of said Motion, Defendant relies on the Complaint and Answer and Memorandum of Law with the following sworn testimony and evidentiary submissions:

*DX 1, Affidavit of Terry Gaddis*

*DX 2, Affidavit of Barbara Montoya*

*DX 3, Charge of Discrimination No. 130 2006 01343*

*DX 4, April 17, 2006, EEOC Dismissal and Notice of Rights Letter*

Defendant City of Montgomery submits that Plaintiff's EEOC charge was not timely filed with the EEOC. The Plaintiff was notified that he was being recommended for dismissal on March 17, 2005. The Plaintiff's effective date of termination from the City was May 10, 2005. An EEOC charge for race discrimination was not filed until December 20, 2005. On April 17, 2006, the EEOC rejected the charge was not timely filed.

Plaintiff's lawsuit is barred by the applicable statute of limitations and for failure to exhaust administrative remedies. In order for the Court to obtain judicial consideration of a [Title VII]

claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred." *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir.2001); 42 U.S.C. § 2000e-(5)(e)(1).

There was no policy known as "Globe policy" at Fleet Management. Jordan did not allege a violation or mention discriminatory administration of a Globe policy in his EEOC charge. Therefore not only is Jordan barred by the applicable statute of limitations, his complaint in this civil action is limited to violations alleged in the EEOC charge of discrimination.

Finally, Jordan only makes conclusory allegations without specific claims of discriminatory conduct. Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.*Rule 56(c). Summary Judgment in favor of Defendant City of Montgomery is proper and all claims should be dismissed.

Submitted this the 28th day of June, 2007.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for Defendants

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL  36101-1111
334.241.2050
FAX 334.241.2310

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing Motion for Summary Judgment to the parties or attorneys listed below by electronic mail or by placing a copy of same in the United States Mail, postage prepaid, this 28th day of June, 2007:

Honorable Juraldine Battle-Hodge
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104

/s/Kimberly O. Fehl
Of Counsel