IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK JORDAN, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No: 2:06-CV-534 |
| CITY OF MONTGOMERY, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION**
**OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

ATTTORNEY FOR PLAINTIFF

JURALDINE BATTLE-HODGE

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Mark Jordan in the above styled cause and moves this Honorable Court to deny Defendant's Motion for Summary Judgment. As grounds therefore, the Plaintiff avers that there is a genuine issue of material fact to be submitted to a jury of Plaintiff's peers, and the Defendant is not due summary judgment as a matter of law, as to any claims made by the Plaintiff. In support of his response, Plaintiff relies on the applicable law, pleadings, depositions and affidavits attached hereto and for his complaint against

Defendant and its agents and representatives (Defendant) hereby complains as set forth herein below.

**WHEREFORE, THE PREMISIES CONSIDERED,** Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Summary Judgment, and allow this cause to move forward and be heard by a jury of Plaintiff's peers.

## I. SUMMARY OF THE CASE

### Nature of the Case

This action was filed by Mark Jordan against the City of Montgomery in violation of Title VII of the Civil Rights Act of 1964, as amended, based on retaliation.

### Course of Proceedings

This lawsuit was filed in the United States District Court for the Middle District of Alabama, Northern Division, on June 15, 2006, (See Complaint – Exhibit "1"). Defendant filed its Answer on July 10, 2006. (See Exhibit "2" – Answer). Defendant filed a motion for summary judgment on June 28, 2007 - (See Exhibit "3" - Memorandum of Law in Support of Defendant's Motion for Summary Judgment).

## II. PLAINTIFF'S SUMMARY OF FACTS

Plaintiff is a black male over the age of 19. Plaintiff was employed by the Defendant City of Montgomery at all times material hereto.

On or about September 21, 2004, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) based on racial

discrimination against the City of Montgomery. (See Exhibit "4") On or about October 7, 2004, Plaintiff was assaulted by Royce Albright, Plaintiff's supervisor. On or about November 12, 2004, Plaintiff filed a second charge of discrimination and retaliation with the EEOC based on racial discrimination. (See Exhibit "5"). Plaintiff filed criminal charges against Royce Albright on or about December 2004. Defendant retaliated against Plaintiff for participating in statutorily protected activity.

### III. ARGUMENTS AND AUTHORITIES

#### A. Standard of Review for Summary Judgment

According to *Burrell v. Runyon, Jr.*, 1996 U.S. Dist. Lexis 8656, "Section 704(a) of Title VII makes it 'an unlawful employment practice for an employer to discriminate against any of his employees... because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." To establish a prima facie case for retaliation, a Title VII Plaintiff must show that (1) he was engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) a causal connection exits between the protected activity and the adverse employment action.

Where there are questions as to whether the alleged conduct complained of exits, a summary judgment is not appropriate. As per the applicable legal standard for summary judgment, the Plaintiff has presented substantial evidence that a fair-minded person would infer the existence of the fact sought to be

proved. Because of the applicable law, pleadings, depositions and affidavits attached hereto the Defendant has not met the standard of review such that summary judgment is proper.

## PLAINTIFF WAS RETALIATED AGAINST

## PLAINTIFF HAS MET THE LEGAL REQUIREMENTS FOR RETALIATION

### Plaintiff was involved in statutorily protected activity

Plaintiff was involved in statutorily protected activity. Plaintiff filed an EEOC complaint against Defendant on September 21, 2004; an EEOC complaint on November 12, 2004, and Plaintiff filed a criminal complaint against Royce Albright on or about December 2004. Plaintiff has satisfied the first element of retaliation.

### Plaintiff suffered adverse employment action

After Defendant learned that Plaintiff was involved in statutorily protected activity, Defendant caused Plaintiff to suffer adverse employment action. After Plaintiff filed his September 2004 charge of discrimination, Plaintiff for targeted for retaliation. Plaintiff's supervisor, Royce Albright, physically assaulted Plaintiff. Mr. Albright assaulted Plaintiff on October 27, 2004. (See Exhibit "7", par. 3).

Plaintiff's November 12, 2004, Complaint was filed against Defendant as a result of retaliation for Plaintiff filing his September 2004, charge with EEOC. Due to the intense harassment caused by the assault and upper management refusal to protect Plaintiff, Plaintiff filed criminal charges against Mr. Albright in December 2004. (See Exhibit "7", par. 4) On or about October 27, 2004, Royce

Albright assaulted plaintiff. The assault was in retaliation for Plaintiff filing his September 21, 2004, Charge of Discrimination.

Plaintiff was subjected to adverse employment action for filing criminal charges against Plaintiff. Plaintiff was punished for exercising his statutory rights. When Plaintiff filed criminal charges against Mr. Albright, white, he was eventually terminated. On the other hand, when Johnny Ray Smith, white, filed criminal charges against Larry Fitzpatrick (See Exhibit "6"), black, Mr. Smith was not disciplined as Plaintiff was. Plaintiff was terminated, Mr. Smith was not.

After Plaintiff filed his criminal charges against Mr. Albright, the Defendant charged Plaintiff with insubordination. This action was taken against Plaintiff in retaliation for filing criminal charges against Mr. Albright. This was an adverse employment action. A hearing was held on this matter on March 4, 2005. Then on March 14, 2005, Plaintiff's employment was adversely affected by Mr. Terry Gaddis, Director, recommending that Plaintiff be terminated. The adverse treatment followed by the Mayor recommending that Plaintiff be terminated. The final adverse action taken against Plaintiff was that the Defendant upheld Plaintiff's termination on or about July 2005. (See Exhibit "7", par. 5). Plaintiff was clearly subjected to adverse employment action.

**Causal Connection**

The Defendant had knowledge of Plaintiff's statutorily protected activity. Plaintiff's ultimate termination was a direct result of Plaintiff's participation in statutorily protected activity.

The actions that Defendant took were causally connected to the statutorily protected activity that Plaintiff was involved in when he filed his EEOC complaints and his criminal complaint. Plaintiff's discipline was causally connected to his involvement in statutorily protected activity. Plaintiff has successfully made a prima facie case for retaliation

### PLAINTIFF TIMELY FILED HIS EEOC COMPLAINT

Defendant's retaliation against Plaintiff was continuing. Since these actions by the Defendant were a continuing violation; Plaintiff is allowed to bring all of his complaints in if at least one of his claims falls within the applicable 180 day window. The last action of retaliation occurred July 2005; this charge of retaliation was timely filed on December 20, 2005, well within 180 days. (See Charge of Discrimination – Exhibit "8"). Therefore the EEOC charge was timely filed.

The Defendant curiously bases its argument that Plaintiff did not file a timely EEOC complaint on the first instance it retaliated against Plaintiff, March 2005. Defendant effectively states that any adverse actions (retaliatory actions) it took against Plaintiff after its first action does not count in calculating the applicable statute of limitations. Clearly, Plaintiff had a right to file an EEOC charge on or before 180 days after the last charge of retaliation. Here, Plaintiff was clearly a victim of retaliation s a result of an adverse employment action when Defendant upheld Plaintiff's termination in July of 2005. December 20, 2005, was within 180 days of July 2005. Therefore, Plaintiff timely filed his EEOC charge of discrimination.

## CONCLUSION

The evidence presented by Plaintiff being retaliated against and timely filing his EEOC complaint are certainly at issue, and are questions that should be decided by a jury of Plaintiff's peers. As such, Plaintiff shows that he was wrongfully retaliated against by being terminated.

Based on the facts, caselaw and evidence that is in direct dispute to Defendant's claims; there is a genuine issue of material fact to be submitted to the jury. Where there are questions, the case must go to trier of fact.

**WHEREFORE PREMISIES** considered, Plaintiff request that this Honorable Court deny Defendant's request for summary judgment.

Respectfully submitted this the 13th day of July 2007.

_____
JURALDINE BATTLE-HODGE (BAT033
Attorney for Plaintiff

LAW OFFICES OF JURALDINE BATTLE-HODGE
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104
Telephone: (334) 262-1177, 263-5575
Facsimile: (334) 263-5569

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July 2007, the foregoing document was served upon the following counsels of record by placing a copy of the same in the U.S. Mail, First Class postage prepaid, addressed as follows:

Hon. Kimberly O. Fehl
City Attorney
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111

_____
Of Counsel