IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK JORDAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:06-cv-534-CSC ) |
| CITY OF MONTGOMERY, et al., | ) ) ) |
| Defendants. | ) ) |

## ANSWER OF DEFENDANTS

**COMES NOW** Defendant, City of Montgomery, in Answer to Plaintiff's Complaint states the following:

### JURISDICTION AND VENUE

1. Admitted.

### PARTIES

2. Admitted that Plaintiff was an employee of Defendant. Defendant denies the remaining allegations in paragraph 2 of the Complaint and demands strict proof thereof.

3. Admitted.

### FACTUAL BACKGROUND

4. Defendant denies the allegations in paragraph 4 of the Complaint and demands strict proof thereof.

5. Admitted.

1

PLAINTIFF'S EXHIBIT 2

6. Defendant admits that Plaintiff filed charges with the EEOC in September 2003 and November 2004 but denies the remaining allegations in paragraph 6 of the Complaint and demand strict proof thereof.

7. Defendant denies the allegations in paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant denies the allegations of paragraph 8 of the Complaint and demands strict proof thereof.

## COUNT ONE

## RETALIATION – TITLE VII

9. Defendant adopts and incorporates the answers and responses in paragraphs 1 – 8 of the Complaint, as if fully set out herein.

10. Defendant denies the allegations in paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations in paragraph 11 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant pleads the general issue and denies any allegations not specifically denied and demand strict proof thereof. Defendant denies that they acted in any manner which would constitute a violation of Title VII.

### SECOND DEFENSE

Defendants plead that fictitious party practice is not permitted under the Federal Rules of Civil Procedure. *New v Sports & Recreation, Inc.*, 114 F. 3d 1092, 1094 n.1

(11th Cir 1997); *Edwards v Alabama Department of Corrections*, 81 f. Supp. 2d 1242, 1257 (M.D. Ala. 2000).

### THIRD DEFENSE

Defendant pleads that their actions or practices did not cause a violation of Plaintiff's civil rights.

### FOURTH DEFENSE

Defendant pleads that Plaintiff's Complaint should be dismissed in there is no evidence of discrimination or of a policy or practice which violated Plaintiff's civil rights.

### FIFTH DEFENSE

Defendant avers that Plaintiff failed to exhaust administrative remedies.

### SIXTH DEFENSE

Defendant pleads the applicable statute of limitations.

### SEVENTH DEFENSE

Defendant pleads qualified, substantive and/or discretionary function immunity.

### EIGHTH DEFENSE

Defendant pleads caps on damages pursuant to the Civil Rights Act of 1991.

### NINTH DEFENSE

Defendant pleads that Plaintiff is not entitled to damages for emotional distress and suffering for the alleged acts of discrimination.

### TENTH DEFENSE

Defendant pleads insufficiency of service of process and insufficiency of process.

### ELEVENTH DEFENSE

To the extent applicable, Defendant pleads estoppel, waiver and laches.

## RESERVATION OF DEFENSES

The Defendant reserves the right to plead additional defenses as they become known in the course of discovery.

Respectfully submitted this the 10th day of July, 2006.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed below by hand delivery, electronic mail or by placing a copy of same in the United States Mail, postage prepaid, this 10th day of July, 2006:

Hon. Juraldine Battle-Hodge
207 Montgomery St, Suite 215
Montgomery, Alabama 36104

/s/ Kimberly O. Fehl
Of Counsel