IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK JORDAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:06-cv-534-CSC ) |
| CITY OF MONTGOMERY, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, City of Montgomery, submits this Memorandum of Law in Support of Summary Judgment with evidentiary submissions, and states unto the Court the following:

I.

##### SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of genuine issue of material fact.'" *Id.* at 323. The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by



showing, or pointing out to, the district court that the non-moving party has failed to present evidence in support of some element of the case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the non-moving party has met its burden, Rule 56(e) "requires the non-moving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP. Similarly, the moving party is entitled to summary judgment if the non-moving party has failed to prove the elements of her case or there is the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. *Fitzpatrick v. City of Atlanta*, 2 F. 3d 1112, 1115-16 (11th Cir. 1993).

Additionally, conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A. Specifically in the case of claims of discrimination, the Eleventh Circuit in *Young v. General Foods*, 840 F.2d 825 (11th Cir.1988) addressing conclusory allegations of discrimination to establish pretext held:

> "With regard to establishing pretext: A plaintiff, when faced with a motion for summary judgment ... must respond sufficiently to any rebuttal by the defendant to create a genuine issue of material fact. Even where a prima facie

2

> case has been established but the defendant has rebutted with a proffer of legitimate, non-discriminatory reasons for the discharge, a genuine issue of material fact is not automatically presented.... [O]nce established a prima facie case creates a rebuttable presumption of discrimination; but this presumption alone does not create an inference that a material fact, sufficient to present a jury question, is in issue."

Because the plaintiff bears the burden of establishing pretext [for discrimination], [s]he must present 'significantly probative' evidence on the issue to avoid summary judgment." *Young v. General Foods*, 840 F.2d 825 (11th Cir.1988) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317). "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [a defendant] has offered extensive evidence of legitimate, nondiscriminatory reasons for its actions." *Id.* at 830.

## II.

### PROCEDURAL BACKGROUND

Plaintiff Mark Jordan ("Jordan") has alleged that Defendant, City of Montgomery ("the City") violated Title VII of the Civil Rights Act of 1964 in that the City retaliated against him for filing two separate charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 21, 2003 and November 11, 2004. Jordan was reprimanded on March 4, 2005 and recommended for dismissal by Terry Gaddis, Fleet Management Director, on March 17, 2005. *(DX 1, Affidavit of Terry Gaddis)*. Jordan was terminated from the City effective May 10, 2005. *(DX 1, Affidavit of Terry Gaddis and DX 2, Affidavit of Barbara Montoya)*. Jordan appealed his termination to the City/County of Montgomery Personnel Board ("the Personnel Board"). *(DX 2, Affidavit of Barbara Montoya)*. The Personnel Board upheld his termination. *(DX 2, Affidavit of Barbara Montoya)*.

Jordan filed a charge of discrimination with the EEOC on December 20, 2005. *(DX 3, Charge of Discrimination No. 130 2006 01343).* On April 17, 2006, the EEOC rejected the charge as untimely and sent a Dismissal and Notice of Rights Letter stating that it was closing its file. *(DX 4, April 17, 2006, EEOC Dismissal and Notice of Rights Letter).* Jordan filed this action on June 15, 2006 pursuant to Title VII. *(Doc. 1).* The City was served with this lawsuit on June 21, 2006. On July 10, 2006, the City filed an Answer with Affirmative Defenses pleading that Jordan was barred by the applicable statute of limitation and failure to exhaust administrative remedies under Title VII. *(Doc. 4).*

### III.

### NARRATIVE STATEMENT OF FACTS

Mark Jordan was employed by the City as Automotive Servicer I on March 26, 1999. *(DX 2, Affidavit of Barbara Montoya).* He was promoted to Automotive Servicer II on September 22, 1999. *(DX 2, Affidavit of Barbara Montoya).*

On March 4, 2005, a departmental hearing was held for Jordan regarding charges fo violation of departmental policy for insubordination and failure to follow his supervisory chain of authority. *(DX 1, Affidavit of Terry Gaddis).* Considering Jordan's infraction and past disciplinary record, Jordan was recommended for termination. *(DX 1, Affidavit of Terry Gaddis).* Jordan was advised on March 17, 2005 that he was being recommended for dismissal. *(DX 1, Affidavit of Terry Gaddis)* After an appeal to the Mayor's office, Jordan was terminated by the City effective May 10, 2005. *(DX 1, Affidavit of Terry Gaddis and DX 2, Affidavit of Barbara Montoya).*

Jordan filed a charge for race discrimination with the EEOC on December 20, 2005. *(DX 3, Charge of Discrimination No. 130 2006 01343).* The EEOC rejected the charge as untimely and on

April 17, 2006, sent Jordan a Dismissal and Notice of Rights Letter. *(DX 4, April 17, 2006, EEOC Dismissal and Notice of Rights Letter).*

On June 15, 2006, Jordan filed a one count complaint for retaliation. In the factual background of the complaint, Jordan contends that he has been "adversely affected by the discriminatory administration of Globe policy, in particular, the retaliation Plaintiff was subjected to as a result of participating in statutorily protected activity". *(Doc. 1, ¶4)*

Jordan alleges that he filed charges of racial discrimination on September 21, 2003 and November 21, 2004. *(Doc. 1, ¶6).* Jordan alleges that he was terminated for his participation in filing those racial discrimination claims against the City. *(Doc. 1, ¶7).* Jordan concludes that "Because Plaintiff can find no justifiable reason for the disparate treatment he received, Plaintiff is only left to believe that his termination was based on retaliation." *(Doc. 1, ¶8).*

### IV.

### ARGUMENT

A. **FAILURE TO TIMELY EXHAUST ADMINISTRATIVE REMEDIES**

This lawsuit is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 *U.S.C.A.* § 2000e, et seq. As a prerequisite to filing a Title VII suit, an employee must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the statutory time period. 42 U.S.C. § 2000e-5(b), (f); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir.2001). "A charge ... shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ....". 42 *U.S.C.A.* § 2000e- 5(e ).

As previously stated, Jordan was advised that he was being recommended for dismissal in March 2005. Jordan was terminated from the City effective May 10, 2005. Jordan filed a charge for race discrimination with the EEOC on December 20, 2005 which was at the minimum 30-40 days

late but more like 90 days overdue from the time he was advised that he was going to be recommended for dismissal. *(DX 3, Charge of Discrimination No. 130 2006 01343).* There is nothing in Jordan's complaint stating that he has timely complied with the condition precedent of timely filing a charge with the EEOC prior to pursuing a civil action under Title VII. *See* Rule 9, *Federal Rules of Civil Procedure.*

On April 17, 2006, the EEOC sent Jordan a Dismissal and Notice of Rights Letter and closed its file because the charge was not timely filed. *(DX 4, April 17, 2006, EEOC Dismissal and Notice of Rights Letter).* In order for the Court to obtain judicial consideration of a [Title VII] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred." *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir.2001); 42 U.S.C. § 2000e-(5)(e)(1) ("A charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred....").

Jordan was reprimanded and recommended for termination n March, 2005. *(DX 1, Affidavit of Terry Gaddis).* The recommendation for dismissal was upheld by the Mayor and Jordan's effective date of termination from the City was May 10, 2005. *(DX 1, Affidavit of Terry Gaddis and DX 2, Affidavit of Barbara Montoya).* Jordan did not file his EEOC charge until approximately 230 days after his effective date of termination. However, the act of terminating an employee, in and of itself, is not unlawful. The effective date of termination would not be the date of alleged discrimination. It is the intent and/or motivating factor behind the termination that gives question. The illegal act is the improper motive in the employment decision. *Delaware v. Ricks*, 449 U.S. 250, 101 S.Ct. 498 (1980).

Jordan had been advised in March 2005 that his Department Directory was recommending that he be dismissed. *(DX 1, Affidavit of Terry Gaddis).* Therefore Jordan should have filed any

EEOC charge for retaliation by September 2005, which would have been within 180 days from March 17, 2005, the date that he was notified that he was being recommended for termination.

Jordan has alleged that he was terminated because he had previously filed EEOC charges. Therefore it is clear that Jordan has knowledge of the procedural requirements in filing a charge of discrimination with the EEOC. There is no reason that Jordan should be allowed to go forward with this action when he has not complied with the applicable 180 day statute of limitations.

In *Brewer v. Alabama*, 111 F.Supp.2d 1197, 1204 (M.D.Ala.2000), the Court addressed the limitations period for filing a charge of discrimination and stated the following:

> "The limitations period begins to run when an employee receives notice of the alleged discriminatory act, "not the point at which the consequences of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (holding that the plaintiff's employment discrimination claim accrued when "the operative decision was made-and notice given-in advance of a designated date on which employment terminated"); *see also Ricks*, 449 U.S. at 258, 101 S.Ct. 498 (holding that the limitations period commenced on the date the adverse employment decision was made and communicated to the plaintiff, even though one of the effects of the decision did not occur until later); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100, n. 19 (11th Cir.1996) ("[T]he time for filing an EEOC charge begins to run when the employee receives unequivocal notice of the adverse employment decision."). In holding that the triggering event for limitations purposes is the employer's notice to the employee of the adverse employment decision, the Supreme Court explained that the act of termination is not itself illegal. *See Ricks*, 449 U.S. at 258-59, 101 S.Ct. 498. Rather, the illegal act is the improper motive in the employment decision itself. *Id.*

The U. S. Supreme Court has held that "strict adherence" to this procedural requirement "is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)

The Court in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) determined that whether a claim is timely or not depends on the type of claim at

7

issue. Disparate treatment and retaliation claims, classified as "discrete acts of discrimination or retaliation" are treated differently from claims alleging a hostile working environment. In cases such as Jordan's, involving "discrete acts of discrimination" such as "termination, failure to promote, denial of transfer, or refusal to hire" the timely filing requirement creates an absolute bar to recovery. *Id.* at 114; *Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1178 (11th Cir.2005).

A Title VII litigant must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act. Civil Rights Act of 1964, § 706(d), as amended, 42 *U.S.C.A.* § 2000e-5(e). Jordan did not timely file his EEOC charge before expiration of the 180 day limitations period, therefore his lawsuit is time barred and must be dismissed for failure to exhaust administrative remedies.

**B.   ALLEGATIONS OF "DISCRIMINATORY ADMINISTRATION OF GLOBE POLICY"**

Finally, Jordan contends in his complaint that he has been "adversely affected by the discriminatory administration of Globe policy, in particular, the retaliation Plaintiff was subjected to as a result of participating in statutorily protected activity". *(Doc. 1, ¶4)*. There was no such policy as "Globe policy" in the Fleet Management Department that could adversely affect Jordan. *(DX 1, Affidavit of Terry Gaddis)*.

Furthermore, Jordan did not allege a violation or mention discriminatory administration of a Globe policy in his EEOC charge. Therefore not only is Jordan procedurally barred from proceeding in this action by the applicable statute of limitations, he is also barred from raising new allegations in the complaint. Jordan is limited to violations claimed in the EEOC charge of discrimination. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Alexander v. Fulton*

*County, Ga.*, 207 F.3d 1303, 1332 (11th Cir.2000). *See generally* 42 U.S.C. § 2000e-5. "EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.' " *Alexander*, 207 F.3d at 1332 (quoting 29 C.F.R. § 1601.12(a)(3)). "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir.2004).

Although Jordan's charge of discrimination was rejected by the EEOC as untimely, the EEOC could not reasonably be expected to investigate how Jordan had been "adversely affected by the discriminatory administration of Globe Policy" when the charge form presented no indication that such considerations might have played a role Jordan's termination. Jordan is procedurally barred from pursuing allegations in this civil action for discriminatory administration of a Globe policy and Defendant is entitled to summary judgment on all claims.

## V.

## CONCLUSION

Jordan's EEOC charge was not timely filed with the EEOC. Jordan was advised that he was being recommended for dismissal on March 17, 2005. His termination from the City was effective May 10, 2005. The EEOC charge was not filed until December 20, 2005. Therefore Plaintiff's lawsuit is barred by the applicable statute of limitations and for failure to exhaust administrative remedies. In order for the Court to obtain judicial consideration of a [Title VII] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred." *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir.2001); 42 U.S.C. § 2000e-(5)(e)(1) ("A charge under this section shall be filed within one

9

hundred eighty days after the alleged unlawful employment practice occurred...."). Jordan did not timely file his EEOC charge before expiration of the 180 day limitations period, therefore Defendant's Motion for Summary Judgment is due to granted.

There was no policy known as "Globe policy" at Fleet Management. Jordan did not allege a violation or mention discriminatory administration of a Globe policy in his EEOC charge. Therefore not only is Jordan barred by the applicable statute of limitations, his complaint in this civil action is limited to violations alleged in the EEOC charge of discrimination.

Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.*Rule 56(c). Defendant's Motion for Summary Judgment is due to granted.

Respectfully submitted this 28th day of June, 2007.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL 36101-1111
334.241.2050
FAX 334.241.2310

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing *Memorandum of Law in Support of Defendant's Motion for Summary Judgment* to the following by placing a copy of same in the United States Mail, postage prepaid, this 28th day of June, 2007:

Honorable Juraldine Battle-Hodge
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104

/s/Kimberly O. Fehl
Of Counsel

Case 2:06-cv-00534-MEF-CSC   Document 10   Filed 06/28/2007   Page 1 of 2

IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK JORDAN, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:06-cv-534-CSC |
| CITY OF MONTGOMERY, | ) |
| Defendant. | ) |

### AFFIDAVIT OF TERRY H. GADDIS

Before me, the undersigned authority, personally appeared Terry Gaddis, who is known to me and who, being first duly sworn, deposed on oath, and says as follows:

My name is Terry Gaddis. I am over nineteen years of age. Since February 1, 1994, I have been employed with the City of Montgomery as the Director of Fleet Management. It is in that capacity that I state the following:

1. Mark Jordan was employed as an Automotive Servicer II in the Tire Shop, which is part of the Auto/Light Truck Division, Fleet Management Department for the City of Montgomery.

2. In December 2004, Mr. Jordan went to Montgomery District Court and signed a warrant against his immediate supervisor, Royce Albright, for harassment alleging that Albright had shoved Jordan and told him to get back to work. Mr. Albright was granted judgment of acquittal at his trial. I was not aware of Mr. Jordan's complaint or allegations against Mr. Albright until I was advised by the Sheriff's office of the warrant that had been issued against Mr. Albright.

3. Mr. Jordan was charged with violation of departmental policy for insubordination and failure to follow his supervisory chain of authority in reporting and addressing complaints with supervisors and co-workers. A departmental disciplinary hearing was held for Mark Jordan on March 4, 2005. Mr. Jordan's past work history was considered. On March 17, 2005, I advised Mr. Jordan in writing that I was recommending his dismissal to the Mayor. Following a hearing

1


EXHIBIT 1

on April 21, 2005 with the Mayor's office, Mr. Jordan was terminated from the City effective May 10, 2005.

4. I have no knowledge of anything called "Globe Policy" or the administration thereof.

I have read the above and foregoing affidavit consisting of two (2) pages and state that it is true and correct to my present knowledge and information.

_____
Terry H. Gaddis
Affiant

SWORN TO AND SUBSCRIBED before me this 26th day of June, 2007.

_____
Notary Public

(SEAL)

My Commission Expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 28, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2