**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MARK JORDAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.  2:06-cv-534-CSC |
| | ) |
| | ) |
| CITY OF MONTGOMERY, | ) |
| | ) |
|     Defendant. | ) |

**RESPONSE OF DEFENDANT TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR  SUMMARY JUDGMENT**

In response to Plaintiff's Memorandum Brief in Opposition of Defendant's Motion for Summary Judgment *(Doc. 12)*, Defendant City of Montgomery submits that it is entitled to summary judgment as a matter of law based on the following: (1) Plaintiff has failed to timely exhaust administrative remedies and therefore is barred by the applicable statute of limitations and (2) Plaintiff has failed to establish a prima facie case of retaliation discrimination.  In support of said response, Defendant further states unto the Court:

*I.*     *PLAINTIFF FAILED TO TIMELY EXHAUST ADMINISTRATIVE REMEDIES*

A Title VII litigant must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act. Civil Rights Act of 1964, § 706(d), as amended, 42 *U.S.C.A.* § 2000e-5(e).   Mark Jordan ("Jordan") did not timely file his EEOC charge before expiration of the 180 day limitations period, therefore his lawsuit is time barred and must be dismissed for failure to exhaust administrative remedies.

Jordan was advised that he was being recommended for dismissal in March 2005. *(DX 1, Affidavit of Terry Gaddis).* Jordan was terminated from the City effective May 10, 2005. *(DX 1, Affidavit of Terry Gaddis and DX 2, Affidavit of Barbara Montoya).*

Jordan does not dispute that he was dismissed from the City of Montgomery effective May 10, 2005. Jordan submits that his termination was "finalized in July 2005". *(Plaintiff's Exhibit 7, ¶5).* While it is unclear where or how Jordan determines his "finalized" termination date, it is clear Jordan did not file within 180 days from his termination from employment with the City which would have been November 10, 2005.

Jordan's appeal of his termination from the City of Montgomery to the Montgomery City-County Personnel Board ("Personnel Board") does not indicate a continuing violation nor does it result in an extension to the date the alleged violation at the City occurred. The Personnel Board is a separate entity from the City of Montgomery. *(DX 2, Affidavit of Barbara Montoya).* Jordan requested a hearing before the Personnel Board regarding his termination by the City of Montgomery. *(DX 2, Affidavit of Barbara Montoya).* The Personnel Board heard his appeal on June 20, 2005. On June 23, 2005, the Personnel Board advised Mr. Jordan's attorney that they upheld the City of Montgomery's decision to terminate Jordan's employment. *(DX 2, Affidavit of Barbara Montoya).*

However, the act of terminating an employee, in and of itself, is not unlawful. The effective date of termination from the City is not the date of the alleged adverse action. Jordan was advised in March 2005 that he was being recommended for dismissal following his disciplinary hearing with the Department Director. *(DX 1, Affidavit of Terry Gaddis).* It is the intent and/or motivating factor behind the termination that gives rise to the question. In Jordan's case, the alleged adverse act would have actually occurred in March 2005. The illegal act is the improper motive in the employment

2

decision. *Delaware v. Ricks*, 449 U.S. 250, 101 S.Ct. 498 (1980). Therefore, Jordan should have filed any EEOC charge for retaliation by September 2005, which would have been within 180 days from March 17, 2005, the date that he was notified that he was being recommended for termination.

Again, termination of an employee is not illegal. To consider as valid Jordan's argument that his statute of limitations did not begin until after the due process hearings and appeal process would suggest that the action of the Mayor or a separate entity such as the could reverse or undo an alleged act of discrimination by Jordan's supervisors. Jordan's argument suggests that the appeal process and subsequent action of the Mayor or the Personnel Board could nullify the original triggering event thereby curing any alleged act of discrimination by another City employee.

On April 17, 2006, the EEOC sent Jordan a Dismissal and Notice of Rights Letter and closed its file because the charge was not timely filed. *(DX 4, April 17, 2006, EEOC Dismissal and Notice of Rights Letter).* The EEOC charge submitted in December by Jordan cited race as the cause of discrimination on the charge form and in the particular allegations attached to the form set out a retaliatory termination claim based on his previous EEOC filings. *(DX 3, Charge of Discrimination No. 130 2006 01343, ¶3).*

For the first time in Plaintiff's brief, he allegedly submits a white employee comparator, as filing a criminal charge against another employee and not terminated. *(Doc. 12, page 5, ¶1).* There is nothing in Plaintiff's complaint nor his EEOC charge regarding a comparator. Therefore, these claims by Plaintiff are likewise barred by the applicable statute of limitations. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Lambert v. Alabama Dept. of Youth Services,* 150 Fed. Appx. 990, 993 (11th Cir. 2005), *quoting Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir. 2000) *citing* 42 U.S.C. § 2000e-5. A plaintiff's judicial complaint is limited by the scope of the

EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." *Lambert*, 150 Fed. Appx. at 993; *Gregory,* 355 F.3d at 1280.  Furthermore, the exhibit submitted by Plaintiff does not support his claim as there was no action taken and no warrant issued and the exhibit does not comply with Rule 56, *Federal Rules of Civil Procedure.*

It is clear that Jordan had knowledge of the procedural requirements in filing his EEOC charge.  There is no reason that Jordan should be allowed to go forward with this action when he has not complied with the applicable 180 day statute of limitations.  In order for the Court to obtain judicial consideration of a [Title VII] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred." *Pijnenburg v. West Ga. Health Sys., Inc.,* 255 F.3d 1304, 1305 (11th Cir. 2001); 42 U.S.C. § 2000e-(5)(e)(1) ("A charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred....").

## II.     PLAINTIFF HAS FAILED TO ESTABLISH PRIMA FACIE CASE OF DISCRIMINATION

Finally, Jordan also fails in his argument that he has provided the necessary elements to establish a prima facie case of retaliation discrimination.   Although Jordan makes conclusory allegations in his brief regarding a causal connection between his termination and prior filing of EEOC charges, there is nothing before the Court to support such his claim.  The evidence before the court in Jordan's affidavit and further set out in his brief is that Jordan claims he was subject to retaliation based on the fact that he filed criminal charges against his former supervisor, Royce Albright.

In order to prove a prima facie case of retaliation as prohibited by Title VII, *Whatley v.*

*Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325 (5th Cir. 1980)1; EEOC Decision No. 78-22, 1978 WL 5821, 19 Fair Empl. Prac. Cas. (BNA) Case 901 (1978), a worker must establish that: (1) he engaged in opposition to practices made unlawful by Title VII or the ADEA or was a participant in a Title VII or ADEA proceeding; (2) the activity was protected; (3) he was subjected to adverse treatment by the employer, *Preda v. Nissho Iwai American Corp.*, 128 F.3d 789, 75 Fair Empl. Prac. Cas. (BNA) 371 (2d Cir. 1997), or the plaintiff was subjected to severe and pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the opposition or participation and the adverse treatment.

The Eleventh Circuit, *Goldsmith v. City of Atmore*, 996 F.2d 1155, 62 Fair Empl. Prac. Cas. (BNA) 769 (11th Cir. 1993), has adopted a three-factor test to establish a prima facie case of retaliation in violation of Title VII. Under these rules, a plaintiff must show that: (1) he engaged in an activity protected under Title VII; (2) the employer took an adverse employment action against him; and (3) a causal connection existed between the protected activity and the asserted adverse action. *Id.*

Under Title VII, "retaliation" is a term of art, strictly defined. The only actionable forms of retaliation are those falling within the definition set out above. Here, Plaintiff's activity, pressing criminal charges against his supervisor, is not one protected under Title VII. Plaintiff does not claim he suffered retaliation for opposing illegal discrimination. Therefore, his claim of retaliation under Title VII must fail.

---

1 See Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

CONCLUSION

Defendant City of Montgomery submits that it is entitled to summary judgment as a matter of law as there is no genuine issue as to any material fact: (1) Plaintiff has failed to timely exhaust administrative remedies and therefore is barred by the applicable statute of limitations and (2) Plaintiff has failed to establish a prima facie case of retaliation discrimination.

The evidence before the Court is undisputed that Plaintiff was advised that he was being recommended for dismissal in March 2005 and that he was terminated from the City effective May 2005. It is undisputed that Plaintiff filed his EEOC charge in December 2005 and that the EEOC denied the charge as untimely in April 2006. Finally, Plaintiff's affidavit makes it clear that Plaintiff cannot demonstrate a prima facie case of retaliation discrimination. Plaintiff claims retaliation for filing a criminal complaint not for filing prior EEOC charges.

Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc*.Rule 56(c). Defendant's Motion for Summary Judgment is due to granted.

Respectfully submitted this 20th day of July, 2007.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL  36101-1111
334.241.2050
FAX 334.241.2310

## **CERTIFICATE OF SERVICE**

I hereby certify that I have mailed a copy of the above and foregoing *Response of Defendant to Plaintiff's Opposition to Defendant's Motion for Summary Judgment* by electronic mail or by placing a copy of same in the United States Mail, postage prepaid, this 20th day of July, 2007:

Honorable Juraldine Battle-Hodge
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104

/s/Kimberly O. Fehl
Of Counsel