IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:06-cv-534-MEF-CSC |
| ) | (WO-Not for Publication) |
| CITY OF MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Jordan ("Jordan") brings suit against his former employer, the City of Montgomery, Alabama ("the City ")[1] pursuant to Title VII of the Civil Rights Act of 1964, as amended. In this action, Jordan contends that the City terminated his employment in retaliation against him for participating in statutorily protected activity by filing charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Compl. at ¶¶ 4-10. This cause is before the Court on the City's June 28, 2007 Motion for Summary Judgment (Doc. # 9). The City contends that Jordan's claim is not viable because he failed to make file a timely Charge of Discrimination with the Equal Employment Opportunity

---

[1] The caption of the Complaint also purports to bring claims against other unknown persons identified as "A," "B," and "C," but it does not contain any allegations against anyone other than the City. Moreover, there is no fictitious party practice in federal courts. *See, e.g.,* Fed. R. Civ. P. 10(a); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Harris v. Palm Harbor Homes, Inc.,* 198 F. Supp. 2d 1303, 1304 n.6 (M.D. Ala. 2002); *Edwards v. Alabama Dep't of Corr.,* 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000). Accordingly, the City is the only proper defendant to this lawsuit.

Commission ("EEOC").[2] For the reasons set forth below, the Motion for Summary Judgment is due to be GRANTED.

## JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). The parties do not contest personal jurisdiction and venue, and the Court finds adequate allegations in support of personal jurisdiction and venue.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

---

[2] This was the sole basis on which the City initially sought summary judgment. In its reply brief, the City added an alternative argument that it is entitled to summary judgment because Jordan cannot establish a *prima facie* case. The Court need not and does not address this alternative argument.

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

The City hired Jordan as an Automotive Servicer I on March 26, 1999. On September 22, 1999, the City promoted Jordan to the position of Automotive Servicer II in the Tire Shop, which is part of the Auto/Light Truck Division, Fleet Management Department for the City.

On October 4, 2004,[3] Jordan filed a Charge of Discrimination with the EEOC in which he alleged that the City discriminated against him because of his race in violation of Title VII by denying him a promotion to a position as an Automotive Mechanic (Small Gas Engine) earlier in 2004. On October 27, 2004, Jordan's supervisor, Royce Albright ("Albright") physically assaulted him. On November 16, 2004,[4] Jordan filed a second Charge of Discrimination with the EEOC in which he alleged further discrimination against him on the basis of his race and retaliation against him for filing his first charge of discrimination. This second Charge of Discrimination specifically mentioned Albright's assault on him. In December of 2004, Jordan filed criminal charges against Albright.

---

[3] While Jordan signed this Charge of Discrimination on September 21, 2004, the EEOC did not receive it until October 4, 2004.

[4] While Jordan signed this Charge of Discrimination on November 12, 2004, the EEOC did not receive it until November 16, 2004.

After Jordan filed criminal charges against Albright, the City charged Jordan with violation of departmental policy for insubordination and failure to follow his supervisory chain of authority in reporting and addressing complaints with supervisors and co-workers. On March 4, 2005, a departmental disciplinary hearing was held on the charged violations. At this hearing, the Director of Fleet Management, Terry Gaddis ("Gaddis") considered the charged violations and Jordan's past work history. On March 17, 2005, Gaddis advised Jordan in writing that he was recommending that the Mayor dismiss Jordan. The Mayor's office held a hearing on the recommendation on April 21, 2005. The Mayor terminated Jordan's employment with the City effective May 10, 2005.

The Montgomery City/County Personnel Board ("Personnel Board") is a separate entity from the City. The Personnel Board serves as the personnel department for the City, for Montgomery County, for the Montgomery Airport Authority, and for the Montgomery Housing Authority. After the Mayor terminated his employment, Jordan appealed this decision and requested a hearing before the Personnel Board. On June 20, 2005, the Personnel Board heard his appeal. On June 23, 2005, the Personnel Board advised Jordan's attorney that it had upheld the City's decision to terminate Jordan's employment.

Jordan filed his third Charge of Discrimination against the City on December 20, 2005. In this Charge of Discrimination, Jordan complained that on July 10, 2005, the City terminated his employment in retaliation for his having filed his prior Charges of Discrimination with the EEOC. In early April of 2006, the EEOC issued a Dismissal and

Notice of Rights to Jordan in which it dismissed his charge because it was not timely filed with the EEOC. Jordan filed this lawsuit on June 15, 2006.

## DISCUSSION

Title 42 U.S.C. § 2000e-(5)(e)(1) specifies the prerequites that a plaintiff must satisfy before filing a private civil action under Title VII. *See National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002). According to this provision, "[a] charge...shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C.§ 2000e-(5)(e)(1). *Accord, Pijnenburg v. West Ga. Health Sys., Inc.,* 255 F.3d 1304, 1305 (11th Cir.), *reh'g denied,* 273 F.3d 1117 (11th Cir. 2001) ("It is settled law that in order to obtain judicial consideration of a [Title VII] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred."). This requirement guarantees "the protection of civil rights laws to those who promptly assert their rights" and "also protects employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State Coll. v. Ricks,* 449 U.S. 250, 256-57 (1980).

The United States Supreme Court has explained that "strict adherence" to this procedural requirement "is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826 (1980). By choosing this relatively short deadline, "Congress clearly intended to encourage the prompt processing of all charges of employment discrimination." *Id.* Indeed, this procedural rule, is not a mere technicality, but

an integral part of Congress' statutory scheme that should not "be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1994). Thus, if a plaintiff fails to file an EEOC charge before the 180-day limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies. *See, e.g., Morgan,* 536 U.S. at 113 ("[d]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges"); *Brewer v. Alabama,* 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2000).[5]

> The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Morgan,* 536 U.S. at 113.

Of course, the determination of whether a plaintiff has filed a timely EEOC charge depends on when the alleged unlawful employment practice "occurred." The United States

---

[5] Title VII's time limit on filing a Charge of Discrimination with the EEOC is not jurisdictional. Instead, it is akin to a statute of limitations and is subject to waiver, estoppel and equitable tolling. *See, e.g., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 3939 (1982). Equitable tolling allows a plaintiff to avoid the bar of the limitations if, despite all due diligence, he is unable to obtain vital information bearing on the existence of his claim. Equitable estoppel in this context prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from filing a *timely* Charge of Discrimination with the EEOC. No party has alleged that this case involves waiver, equitable tolling or equitable estoppel.

Supreme Court has provided further clarification of the nature of this inquiry and set forth different standards for claims involving "discrete acts" and "hostile environment" allegations. *See generally*, *Morgan,* 536 U.S. 101. In cases involving discrete discriminatory acts, such as *termination of employment*, failure to promote, denial of transfer, or refusal to hire,[6] a discrete discriminatory act occurs on the day that it happens. *Morgan,* 536 U.S. at 110-16. More specifically,

> [t]he 180-day filing period begins to run from "[a] final decision to terminate the employee." *Cocke v. Merrill Lynch & Co., Inc.,* 817 F.3d 1559, 1561 (11th Cir. 1987). And a "final decision" to terminate, "rather than actual termination, constitutes the 'alleged unlawful practice' that triggers the filing period. Thus, the 180-day period is counted from the date the employee receives *notice* of the termination." *Id.* (internal citations omitted) (emphasis added).

*Wright v. AmSouth Bancorporation,* 320 F.3d 1198, 1201 (11th Cir. 2003). "Moreover, the 180-day charge filing period does not run until the plaintiff is told that she is actually being terminated, not that she *might* be terminated *if* future contingencies occur." *Stewart v. Booker T. Washington Ins.,* 232 F.3d 844, 849 (11th Cir. 2000) (emphasis in original).

> Beginning the charge-filing period any earlier would make little sense: to require a plaintiff to file a discriminatory termination charge with the EEOC prior to the receipt of notice of termination would be to require a filing prior to the occurrence of the discriminatory conduct, thereby charging the EEOC with responsibility for the arguably advisory task of investigating a hypothetical case of discrimination.

---

[6] Jordan's argument that the City's retaliation was "continuing" is simply incorrect in light of the law as stated in *Morgan*. A retaliatory termination decision is a discrete act.

*Id.* Importantly for purposes of this suit, the employee's pursuit of an internal grievance process, appeal or some other means of collateral review of an employment decision that has been made and communicated to her does not toll the running of the limitations period. *See, e.g., Ricks,* 449 U.S. at 261-62.[7]

In the present case, the EEOC received Jordan's third Charge of Discrimination on December 20, 2005.[8] Therefore, the Charge of Discrimination is timely and the administrative prerequisite to suit pursuant to Title VII is satisfied *only* if the unlawful employment actions of which he complains "occurred" on or after **June 23, 2005**. As previously emphasized, the only adverse employment action mentioned in the Complaint is the termination of Jordan's employment. Thus, the dispositive question for this case is when did the termination of Jordan's employment occur. The City has presented two affidavits which state that the termination of Jordan's employment was effective on May 10, 2005. At least one of these affidavits sets forth specific facts establishing this date as the date on which the Mayor made the final decision to terminate Jordan's employment. By law, the Mayor of Montgomery was the only person with the statutory authority to terminate Jordan's employment with the City. *See* Section 4.06(2) of Act 608 of the 1975 regular session of the

---

[7] Thus, the fact that Jordan pursed an appeal of the termination decision does not mean that the time for filing his Charge of Discrimination with the EEOC did not start until after the resolution of the appeal. This appeal is the type of review of an employment decision that does not toll the time for filing the Charge of Discrimination with the EEOC. *See, Ricks,* 449 U.S. at 261-62.

[8] While Jordan signed this Charge of Discrimination on December 5, 2005, it was not filed with and received by the EEOC until December 20, 2005.

Alabama Legislature. Unfortunately, the City has failed to offer evidence directly establishing the date on which the Mayor's decision was communicated to Jordan. Nevertheless, in this case, that does not mean that the City's motion must be denied because it is obvious that Jordan knew of this decision before June 23, 2005. It is undisputed that before June 23, 2005, he had requested and received a hearing on his appeal of the Mayor's decision.

Jordan's submissions in opposition to the City's Motion for Summary Judgment fail to create a genuine issue as to the material facts on this issue. Jordan does not dispute the specific facts relating to the events leading up to the termination of his employment. He does not dispute the facts relating to the appeal of the decision to terminate his employment. The only mention of the issue is one sentence in his affidavit: "My termination was finalized July of 2005." This is not sufficient to create a genuine issue as to the material facts. To survive summary judgment, opposing affidavits must set forth *specific facts* showing that there is an issue for trial. *See* Fed. R. Civ. P. 56(e); *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000). To the extent that the City seeks summary judgment on Jordan's retaliatory discharge claim[9] because of his failure to timely file a Charge of Discrimination with the

---

[9] In the Court's view, this is the only "claim" asserted in the lawsuit. In his Complaint, Jordan only articulates allegations that the termination of his employment was retaliation against him for his protected conduct of filing charges of discrimination with the EEOC. Jordan's Complaint contains no allegations relating to adverse employment actions other than the termination of his employment, nor does it identify any possibly protected conduct other than the filing of charges of discrimination with the EEOC.

EEOC, summary judgment is due to be granted.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) The Motion for Summary Judgment (Doc. # 9) filed on June 28, 2007 by the City of Montgomery is GRANTED.

(2) All claims and this case are DISMISSED WITH PREJUDICE.

(3) The pretrial and the trial scheduled in this matter are CANCELLED.

This Court will enter a separate final judgment taxing costs.

DONE this the 3rd day of October, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE