Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

September 05, 2008

**Appeal Number: 07-15046-JJ**
Case Style: Mark Jordan v. City of Montgomery
District Court Number:  06-00534 CV-F-N

TO:   Debra P. Hackett

CC:   Juraldine Battle-Hodge

CC:   Kimberly Owen Fehl

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

September 05, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY   AL   36104-4055

**Appeal Number: 07-15046-JJ**
Case Style: Mark Jordan v. City of Montgomery
District Court Number:  06-00534 CV-F-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-15046

District Court Docket No.
06-00534-CV-F-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jun 26, 2008
THOMAS K. KAHN
CLERK

MARK JORDAN,

      Plaintiff-Appellant,

versus

CITY OF MONTGOMERY,

      Defendant-Appellee.

------------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Alabama

------------------------------------------------------------------

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

                    Entered:   June 26, 2008
            For the Court:   Thomas K. Kahn, Clerk
                        By:   Jackson, Jarvis

ISSUED AS MANDATE
SEP 0 5 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-15046
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00534-CV-F-N

MARK JORDAN,

                                                        Plaintiff-Appellant,

versus

CITY OF MONTGOMERY,

                                                        Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

(June 26, 2008)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Mark Jordan appeals the district court's grant of the City of Montgomery's ("the City") motion for summary judgment as to his complaint alleging unlawful retaliation, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-3. Jordan argues that, although he received notice that his termination had been recommended on May 10, 2005, Director of Fleet Management Terry Gaddis assured him that the recommendation was not yet effective because the City of Montgomery Personnel Department ("Personnel Board") had the sole authority to terminate employees. As a result, Jordan contends that his termination from employment did not become final until after the Personnel Board upheld the Mayor of Montgomery's decision to terminate him on appeal. Jordan notes that, based on the advice he received from Gaddis, he did not file a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") until after his termination was approved by the Personnel Board, and argues that the advice effectively tolled the 180-day filing period. Accordingly, Jordan contends that, based on this evidence, a genuine issue of material fact exists concerning the timeliness of his EEOC charge.

For the reasons set forth more fully below, we affirm.

We review the district court's ruling on summary judgment de novo. Rojas v. Florida, 285 F.3d 1339, 1341 (11th Cir. 2002). Summary judgment is proper

under Fed.R.Civ.P. 56(c) when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To survive a motion for summary judgment, the nonmoving party must show that there is a genuine issue of fact for trial. <u>Cotton v. Cracker Barrel Old Country Store, Inc.</u>, 434 F.3d 1227, 1231 (11th Cir. 2006). We view "the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." <u>Battle v. Board of Regents for Ga.</u>, 468 F.3d 755, 759 (11th Cir. 2006).

In order to file a claim for discrimination under Title VII, the plaintiff must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC. <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1317 (11th Cir. 2001). In a non-deferral state, such as Alabama, a plaintiff must file an employment discrimination charge with the EEOC within 180 days after the date of the alleged discrimination. 29 C.F.R. § 1626.7(a), <u>Hipp v. Liberty National Life Ins. Co.</u>, 252 F.3d 1208, 1214 n.2, 1220 (11th Cir. 2001). Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge. <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303, 1332 (11th Cir. 2000). The plaintiff has the burden of establishing that he filed a timely charge of discrimination. See <u>Jackson v. Seaboard Coast Line R.R. Co.</u>, 678 F.2d

992, 1010 (11th Cir. 1982).

"[D]iscrete discriminatory acts are not actionable if time barred." AMTRAK v. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 2072, 153 L.Ed.2d 106 (2002). Termination of employment is a discrete adverse employment act. Id. at 114, 122 S.Ct. at 2073. The clock for the 180-day filing period starts when the discrete unlawful practice takes place. See Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. ___, ___, 127 S.Ct. 2162, 2169, 167 L.Ed.2d 982 (2007). In the case of termination from employment, the filing period "begins to run from a final decision to terminate the employee." Wright v. AmSouth Bancorporation, 320 F.3d 1198, 1201 (11th Cir. 2003) (quotation omitted). Accordingly, the limitations period commences on the date the employee receives unequivocal notice of termination. Id. (citation omitted). An employee's pursuit of an internal appeal, "or some other method of collateral review of an employment decision, does not toll the running of the limitations period[]." Del. State College v. Ricks, 449 U.S. 250, 261, 101 S.Ct. 498, 506, 66 L. Ed. 2d 431 (1980).

Here, Jordan's EEOC charge was filed on December 20, 2005. Thus, in order to be considered timely, the alleged adverse employment action forming the basis of that charge must have occurred on or after June 23, 2005. The record indicates that Gaddis advised Jordan that he had recommended Jordan's dismissal

4

from employment on March 17, 2005. Jordan does not dispute that he received this notice. Additionally, Jordan does not dispute that the Mayor terminated his employment, effective May 10, 2005, or contest that the Mayor had the sole authority to appoint and terminate city employees. The record further indicates that Jordan received notice of his termination before June 23, 2005, as evidenced by his appeal to the Personnel Board, which was heard on June 20, 2005. Because Jordan's appeal to the Personnel Board did not serve to toll the 180-day limitations period, and the evidence in the record indicates that Jordan received unequivocal notice of his termination before June 23, 2003, his EEOC charge was untimely. See Ricks, 449 U.S. at 261, 101 S.Ct. at 506; Wright, 320 F.3d at 1201. Accordingly, because Jordan failed to file a timely charge of discrimination with the EEOC, his claims under Title VII are barred, and the district court did not err by granting the City's motion for summary judgment.

In light of the foregoing, the district court's grant of summary judgment in favor of the City is

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia